IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KRISTYN ELLEN NAZIRI )<br>514 E. Savidge Street )<br>Spring Lake, MI 49456, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SCOTT KUPOR, DIRECTOR, )<br>OFFICE OF PERSONNEL )<br>MANAGEMENT, )<br>Serve: )<br>Director Scott Kupor )<br>U.S. Office of Personnel Management )<br>1900 E Street, NW )<br>Washington, DC 20415-1000 )<br>)<br>U.S. Attorney General Pamela Jo Bondi )<br>950 Pennsylvania Avenue, NW )<br>Washington, DC 20530 )<br>)<br>Civil Process Clerk )<br>U.S. Attorney's Office for DC )<br>601 D Street, NW )<br>Washington, DC 20530 )<br>)<br>Defendant ) | Case: 1:25-cv-03816  JURY DEMAND<br>Assigned To : Cobb, Jia M.<br>Assign. Date : 10/29/2025<br>Description: Pro Se Gen. Civ. (F-DECK)<br><br>Jury Requested |



RECEIVED
OCT 29 2025
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# COMPLAINT

**COMES NOW** Plaintiff, Kristyn Naziri, (hereby, known as me, myself, and I ) by *Pro se*, sues Scott Kupor, Director, Office of Personnel Management ("OPM") for cause of action states as follows:

## NATURE OF THE CASE

1. Plaintiff brings this civil action pursuant to 5 U.S.C. § 8901, *et seq.*, Public Law 99-251, and 5 C.F.R. §§ 890.102, 890.107, 890.108, for relief to obtain health insurance through the Federal Employees Health Benefits Program ("FEHBP").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under laws of the United States.

3. Venue is appropriate under 28 U.S.C. § 1391 and is based on the fact that the actions complained of were made by the Defendant, an agency that exists within the District of Columbia.

## EXHAUSTION OF REMEDIES

4. I received a letter from Defendant OPM denying my FEHBP coverage on March 10, 2025. *See* Exhibit 1, Letter from Deanna Wood to Kristyn Naziri (Mar 10, 2025) [hereinafter Exhibit 1].

5. I filed a letter appealing against that decision and requesting reconsideration of OPM's decision to deny my FEHBP coverage and a waiver of the five (5) year enrollment requirement for FEHBP coverage on April 8, 2025. *See* Exhibit 2, Letter from Kristyn Naziri to OPM's Legal Reconsideration Branch (Apr 8, 2025), including facsimile.

6. Thereafter, I received a letter from Defendant OPM denying my appeal and request for FEHBP coverage. *See* Exhibit 3, Letter from Keith E. Jackson to Kristyn Naziri (Sept 22, 2025).

7. Plaintiff has exhausted all her administrative remedies as it relates to the instant Complaint.

## PARTIES

8. Plaintiff is currently domiciled at 514 E. Savidge St., Spring Lake MI 49456. Plaintiff is a resident of the State of Michigan and a United States citizen.

9. Defendant OPM is an agency that "serve[s] as the chief human resources agency and personnel policy manager for the Federal Government" and is subject to suit and liability for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of its employees or agents pursuant to the doctrine of Respond eat Superior.

## FACTUAL BACKGROUND

10. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

11. I began my federal career in October 1989 as a civilian clerk-typist (GS-04) for the Department of Army; 97th General Hospital in Frankfurt, Germany until the spring of 1990, when I returned to the U.S...

12. I then applied and was hired as a clerk/typist for the Internal Revenue Service (IRS) in the fall of 1990. I served in that position from September 1990 until April 7, 1991, when I transferred to Grand Rapids, Michigan to the position of Secretary in the Collection Division.

13. I worked in the Collection Division with promotions to Tax Examining Assistant (1995), to Revenue Representative (1996 – 2001) during which I received a within grade, 2 special act awards, and a temporary assignment to a higher grade NTE 1 year.

14. I was then selected for a promotion to Wage and Investment in March of 2001 and then returned to Collection Division with a promotion to Revenue Officer, which I held until my separation in November of 2019. I received career step increases, a within grade for "outstanding" evaluations, and two (2) temporary assignments as Supervisory Revenue Officer during this time.

15. On May 8, 2019, I received a memo of proposal to remove, to which a rebuttal was submitted September 25, 2019, and September 27, 2019 (additional plea to Area Director), respectively. Effective November 15, 2019, I was given a dismissal letter and was dismissed. I was advised to file an appeal with the Merit Protection Systems Board (MPSB), which I filed on December 19, 2020 (Docket No. CH-0752-20-0125-I-1).

16. I filed an appeal in reference to the MSPB Mediation Appeals Program (MAP) from the Central Regional Office in Chicago, Illinois on March 2020 and April 2020.

17. On or about April 8, 2020, I entered into an agreement that restored my employment back to November 15, 2019, and I was placed in a paid, non-duty status effective January 15, 2020, for the day(s) I would have been scheduled to work or be compensated due to a federal holiday, through and until May 9, 2020.

18. I was contacted by Human Resources employee Kim Stokes in an email dated June 24, 2020 (Exhibit 4), highlighting that, **"The period of suspension or removal (during which the enrollment was not in effect) is not considered when determining your eligibility to continue coverage into retirement, as long as you enroll within 60 days after the date you are ordered restore to duty."**

19. I enrolled within the prescribed 60 days from the date I was ordered restored to duty (May 10, 2020). I worked in my Tax Examining position until I was promoted to Settlement Officer in Appeals (GS-13) in December 2020, where I was allowed to work exclusively from home and then was phased back to two days per pay period (2 weeks). During this time, my health rapidly decline.

20. In August of 2024, I applied for disability retirement (see Exhibit 2) as I received concurrence from both my frontline manager and Area Director, that reassignment was not possible since there were no vacancies at my agency, at the same grade or pay level and tenure within the same commuting area, for which I met minimum qualifications.

21. I was then assigned an OPM specialist. I was advised that I was wasting both her and the Agencies' time in that, (1) disability claims took quite a while to review and process and (2) I was eligible to retire through regular retirement channels as I, being 59 with 34.5 years of service, met both age (56 ½) and/or time in grade requirements (30 years). I was never, at any point, advised that I had not met the minimum five-year continuous enrollment requirements to

continue my health coverage into my retirement and I had no reason to believe otherwise knowing an agreement had been reached with the agency as part of my reinstatement. I had 34 and ½ years of continuous coverage and was the primary insured carrier since beginning with the agency in 1990.

22.     I retired effective 09-30-2024, due to the fiscal year end being that date. I was advised that I would be given interim payments until my annuity was finalized and that I should pay my vision and dental premiums directly and advise the agency of any Social Security Disability determinations and payments received.

23.     In the month of December 2024, there were several medical claims that were denied due to lack of coverage for Federal Employees Health Benefits (FEHB), which I could not understand. I reached out to OPM via telephone and was advised that this was in error, that there was nothing to worry about, and they would take care of it. The claims were subsequently paid, so I considered this a "snafu".

24.     I received an SSA Benefit Verification Letter dated December 13, 2024, BNC #2480645E94946 REF" A. The SSA Administration found that my claim was being reviewed, and I would receive full Social Security benefits by April of 2025. I submitted this information directly to the Office of Personnel Management.

25.     I then received, from SSA Retirement, Survivors, and Disability Insurance, a Notice of Award dated December 27, 2024, BNC #24MS774C44278-HA, whereas I was advised that they had changed the date I became disabled, under their rules, to September 16, 2024. The letter offered the right to appeal this determination, but I found this to be moot and therefore, did not appeal. *See* Exhibit 5

26. I then received a letter dated, March 10, 2025, from Deanna Wood, Legal Administrative Specialist, OPM, FERS retirement claims; Ph: 202-936-0278, advising me that they had recently received my retirement application and had carefully reviewed it and found that I was ineligible to receive FEHB benefits into retirement because I was enrolled as a federal employee since 5/10/2020, and in order for health benefits coverage into retirement to continue, the law required I meet one of the following:

    a. continuous FEHB coverage during the five years of service preceding retirement, either as an employee or family member of an FEHB enrollment.

    b. continuous FEHB coverage through all periods of service during which you were eligible (if less than five years).

27. The same day as the letter was received, I called OPM directly. I was told that there was no reason to be concerned because there were special circumstances that would waive the five-year rule. However, when they made their final decision, they did not take any of my argued circumstances into consideration.

28. I filed a request for reconsideration, as outlined in the letter of May 10, 2025, and argued that the agency did not consider that discussions were held with an OPM retirement specialist and that I was told I should apply for regular retirement despite being deemed disabled by IRS and SSA. If they did not reconsider their decision under the "special circumstances" clause, my year-long medical bills, once covered would come due to me.

29. I argued that my health insurance was my lifeline due to several medical issues, including congestive heart failure, fibromyalgia, neuropathy, obesity, pre-diabetes, and osteoarthritis in my shoulders, knees, and hips, requiring surgery in all instances.

30. After not hearing anything from OPM for several months, on or about September 22, 2025, Defendant OPM, through Keith Jackson, Legal Administrative Specialist, issued a final decision, stating; Our records show that you were removed from service effective November 16, 2019, and returned to duty effective January 15, 2020. At that time, you had 60 days to re-enroll in health insurance. Consequently, you filled out Standard Form 2029, and enrolled in the health benefits program effective May 10, 2020, received May 8, 2020, under Blue Cross Blue Shield Health Plan, code 106. You retired effective September 30, 2024. Your enrollment was terminated because you were not continuously enrolled in a health insurance plan under the FEHBP for 5 years immediately prior to your retirement.

## COUNT ONE

**(Improper Denial of Eligibility to FEHBP into Retirement and Failure to Consider Waiver Pursuant to 5 U.S.C. § 8901, et seq., Public Law 99-251, and 5 C.F.R. §§ 890.102, 890.107, 890.108)**

31. I incorporated all information and allegations contained in the preceding paragraphs as if fully set forth herein.

32. I requested information from a retirement specialist in the OPM office regarding my eligibility for continuing FEHBP coverage into retirement since I was disabled. I thereafter relied on the advice of OPM office in leaving by September 30, 2024, the end of FY '24, and retired on that date.

33. Defendant OPM denied my request for FEHBP coverage on September 22, 2025.

34. I informed Defendant OPM of their mistake and misinformation in my defense in a letter of April 2, 2025.

35. I always intended to continue my FEHBP coverage into retirement.

36. I requested Defendant OPM reconsider my request for FEHBP coverage and issue a waiver of the 5-year requirement of continuous coverage based on exception to the five-year rule to continue receiving my insurance, as I was deemed fully disabled and unable to work.

37. Defendant OPM issued a decision denying me my FEHBP coverage on September 22, 2025, while not addressing my request for waiver, due to being disabled, for which I would rely on into my retirement.

38. This denial of coverage and failure to consider my request for a waiver was improper because I clearly intended to have FEHBP coverage when I retired and could not continue to work as there was no suitable work alternative or accommodation.

39. This is indicated by the fact that I, and my dependent spouse, have used this insurance through the date of this complaint.

40. I, when calculating my retirement date, relied on the OPM retirement specialist to advise me of any eligibility issues after advising me that I was eligible to retire regularly, and explained that the date of 09-30-2024 was easiest as it was the end of the fiscal year. No mention was made that a waiver due to special circumstances should be made at this time.

41. I also acted reasonably in protecting the right to continue my FEHBP coverage by contacting the OPM Federal Employees hotline to seek clarification as soon as I learned, formally, that my coverage was denied as of October 1, 2024, and filing a request for reconsideration with Defendant OPM within the prescribed period to appeal its denial.

42. In reviewing the factors Defendant OPM considers in a person's waiver request for continued FEHBP coverage, three of the five factors OPM may consider are met.

43. For the first factor, I had no control over the events that led up to termination of my coverage, and relied, to my detriment, on IRS's HR office in calculating my retirement date, due to the fact they were in possession of my service dates and records needed to determine how long I had insurance coverage for and did not advise me that they started my coverage as of May 10, 2020, thereby making me ineligible to retire with benefits effective 09-30-2024. Furthermore, disability is an exceptional circumstance that warrants an exception to a waiver. IRS' HR person should have advised me to attach it to my retirement package.

44. For the second factor, I acted promptly to gain FEHBP coverage as soon as I was reinstated. (Within days of the required 60 days). The argument posed that I did not enroll within 60 days of my retroactive date of January 15, 2020, was absurd since I was not reinstated until May of 2020, and hadn't finalized an agreement with the IRS until April 2020. I was to have had, and did, enroll within 60 days of the date of my return to duty date. OPM should have made the coverage retroactive Jan 2020. There was no explanation of what was withheld or paid me when I received my back pay. It was deposited into my account directly.

45. For the third factor, I had substantial FEHBP coverage throughout my federal career.

46. There existed exceptional circumstances beyond my control which warranted an exercise of Defendant OPM's discretion in the name of "equity and good conscience", which is considered for granting a waiver according to the criteria set forth by OPM.

47. Also, based on the fax between HR Specialist Kim Stokes and myself, it is unknown whether I was enrolled under a New Enrollment or Continuous Enrollment, because

both situations have no bearing on meeting the five-year rule of continuous coverage. New Enrollment, which appears now to be what happened, states that, **"the time of suspension or removal is not considered"** when determining one's eligibility to continue coverage into retirement.

48. As such, Defendant OPM improperly denied me my request for reconsideration and the waiver I requested under the statutes and regulations named herein.

## COUNT TWO
### (Violation of Due Process Clause, U.S. Constitution, Fifth Amendment)

49. I incorporated all information and allegations contained in the preceding paragraphs as if fully set forth herein.

50. I relied on the advice of my Payroll Specialist after discussions regarding filing for disability or regular retirement. To my demise, the specialist did not explain that a waiver should be completed and included in my retirement package since I was disabled and unable to work and therefore retiring.

51. Defendant OPM denied my request for FEHBP coverage upon my retirement in the letter I received on March 10, 2025.

52. I requested Defendant OPM reconsider my request for FEHBP coverage and issue a waiver of the 5-year requirement of continuous coverage based on a prior agreement reached with the Agency and the fact I was deemed permanently disabled by SSA as of Sep 16, 2024.

53. Defendant OPM issued a decision denying me FEHBP coverage on September 22, 2025, while not addressing my request for a waiver due to special circumstances, as I was disabled and unable to work in any capacity.

54. Because Defendant OPM failed to consider and address my request for reconsideration of the denial of my FEHBP coverage and my request for a waiver of the 5-year continuous coverage requirement, it violated my right to due process of the law and improperly denied my request for coverage and/or a waiver.

## PRAYER FOR RELIEF

**Wherefore, I** respectfully pray that this Honorable Court

a. Award compensatory damages in a fair and just amount.

b. Award damages and equitable relief for all the harm I have sustained as a result of Defendant OPM's unlawful conduct, including loss of benefits of payment of premium expenses sustained as a result of Defendants unlawful conduct.

c. Award reasonable attorney fees, costs, and expenses with interest incurred for this action, and

d. Award equitable declaratory, and injunctive relief, and

e. Award any such other and further relief as this Honorable Court deems just and proper.

## EQUITABLE RELIEF

1. I, Kristyn Ellen Naziri, hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

2. I request equitable relief in the form of having myself reenrolled in FEHBP Coverage backdated to my retirement date of September 30, 2024, to October 1, 2024.

## JURY DEMAND

Pursuant to FED R Civ. P 38, Plaintiff demands a trial by jury on all issues so triable.

October 20, 2025    Respectfully submitted,

*Kristyn Ellen Naziri*

Kristyn Ellen Naziri (Settlement Officer ret.)
514 E. Savidge Street
Spring Lake, MI 49546-1732
Ph: 616-846-8454
Email: Juju831@hotmail.com